UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　　　v.<br><br>TEODORO PEREZ-MASCURRO,<br>　aka Juan Luis Venegas,<br><br>　　　　　　　Defendant. | ) Magistrate Case No. '08 MJ 2179<br>)<br>)<br>) COMPLAINT FOR VIOLATION OF:<br>)<br>) Title 8, U.S.C., Section 1326<br>)<br>)<br>) Deported Alien Found in the United States<br>)<br>) |

ORIGINAL

FILED
2008 JUL 16 PM 4:13
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

　The undersigned complainant, being duly sworn, states:

　On or about July 15, 2008, within the Southern District of California, defendant TEODORO PEREZ-MASCURRO, aka Juan Luis Venegas, an alien, who had previously been excluded, deported and removed from the United States to Mexico, was found in the United States, without the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8, United States Code, Section 1326.

　And the complainant states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　SIGNATURE OF COMPLAINANT
　　　　　　　　　　　　　　　　　　　　　RONALD V. DORMAN
　　　　　　　　　　　　　　　　　　　　　Supervisory Border Patrol Agent
　　　　　　　　　　　　　　　　　　　　　U. S. BORDER PATROL

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS 16th DAY OF JULY 2008.

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　CATHY A. BENCIVENGO
　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

## PROBABLE CAUSE STATEMENT

1.   I am a duly appointed Supervisory Border Patrol Agent with U.S. Border Patrol. I am authorized to investigate violations of the federal immigration laws, to include Title 8, USC, Section 1326.

2.   Late in the evening on July 15, 2008, the defendant was apprehended by federal law enforcement officers in the San Diego, California area. After he was apprehended records checks revealed that he had been previously deported or removed from the United States to Mexico in 1996 after suffering a criminal conviction. The records further revealed that he had not applied for, nor received, permission from either the Attorney General or the Secretary of the Department of Homeland Security to re-enter the United States, and no such petition pending adjudication has been filed on his behalf.

3.   After he was read his Miranda rights, the defendant admitted that he had been previously deported from the United States and that he had never received legal permission to re-enter. He stated that he knowingly re-entered the United States several years ago, in violation of the law, by fraudulently using documents which he had received from another person. He admitted that he presently has no legal right to reside in the United States.