Inge Brauer
Attorney at Law
State Bar No.: 68701
2240 "F" Street
San Diego, CA 92102

Tel:    (619) 238-1031
Fax:   (619) 238-0930

Attorney for Defendant **TEODORO PEREZ MASCURRO**

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(HONORABLE JANIS L. SAMMARTINO)

| UNITED STATES OF AMERICA, | ) | CASE NO.: 08CR2530-JLS |
|---|---|---|
| Plaintiff, | ) | |
| | ) | NOTICE OF MOTION AND MOTION TO 1) COMPEL DISCOVERY, AND 2) LEAVE TO FILE FURTHER MOTIONS |
| **TEODORO PEREZ MASCURRO**, | ) | |
| | ) | Date: 9/5/08 |
| Defendant. | ) | Time: 2:00 p.m. |

TO:    KAREN P. HEWITT, UNITED STATES ATTORNEY,
       JOSEPH S. SMITH, JR., ASSISTANT UNITED STATES ATTORNEY:

PLEASE TAKE NOTICE that on September 5, 2008, at 2:00 p.m., or as soon thereafter as counsel may be heard, the defendant TEODORO PEREZ MASCURRO, by and through his attorney Inge Brauer, will bring the motions set forth below.

The defendant, TEODORO PEREZ MASCURRO, by and through his attorney Inge Brauer, and pursuant to Federal Rules of Criminal Procedure 12 and 16 and the Fourth, Fifth and Sixth Amendments to the United States Constitution, hereby moves this court to order:

- 1 -

08CR2530

- 2 -

1. Production of Discovery; and

2. Leave to File Further Motions.

These motions are based upon the instant motion, the attached points and authorities, the files and records in the above-entitled case, and any and all matters that may be submitted to this Court prior to the determination of these motions.

Dated: 9/4/08                                    Respectfully submitted,


   s/ Inge Brauer
Inge Brauer
Attorney for Defendant
**TEODORO PEREZ MASCURRO**

Inge Brauer
Attorney at Law
Bar No. 68701
2240 F Street
San Diego, CA 92102

Tel: (619) 238-1031
Fax: (619) 238-0930

Attorney for Defendant **TEODORO PEREZ MASCURRO**

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(HON. JANIS L. SAMMARTINO)

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 08CR2530-JLS |
| Plaintiff, | STATEMENT OF FACTS AND POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL DISCOVERY AND LEAVE TO FILE FURTHER MOTIONS |
| v. | |
| **TEODORO PEREZ MASCURRO,** | |
| Defendant. | |

**I.**

**STATEMENT OF FACTS**

This statement of facts is subject to amendment and/or amplification by further discovery and/or defense investigation.

On July 15, 2008, the defendant, Teodoro Perez Mascurro, was detained by federal law enforcement officers. The officers questioned Mr. Perez Mascurro in connection with the arrest on July 10 of his brother, Juan Ramon Perez Mascurro for a drug conspiracy. As the interrogation did not proceed to the satisfaction of the officer, Teodoro Perez Mascurro was

charged with being a deported alien found in the United States, in violation of Title 8, USC Section 1326. He was subsequently indicted in case no. 08cr2642JAH, a fifteen (15) count indictment alleging a drug and money laundering conspiracy. Mr. Teodoro Perez Mascurro is only charged in count one, conspiracy to distribute controlled substances. He is represented by Bernard Skomal in the drug case. Government counsel, Joseph Smith, is representing the government in both cases.

## II.

## MOTION FOR DISCOVERY AND INSPECTION

The Defendant, TEODORO PEREZ MASCURRO , by and through his counsel, Inge Brauer, moves the Court pursuant to Rule 16 of the Federal Rules of Criminal Procedure and the Fifth and Sixth Amendments to the United States Constitution to order the government through its Assistant United States Attorney to disclose and produce, and to permit the Defendant to inspect, copy, photograph and/or photocopy each of the following items of evidence which through due diligence may become known to the government or its agents:

**STATEMENTS OF DEFENDANT - Fed. R. Crim. P. 16(a)(1)(A)**

1. Copies; transcripts, United States v. Brodie, 871 F.2d 125 (D.C. Cir. 1989); United States v. Gee, 695 F.2d 1165 (9th Cir. 1983); summaries, United States v. McClure, 734 F.2d 484, 492 (10th Cir. 1984); United States v. Curry, 278 F. Supp. 508, 514 (N.D. Ill. 1967); and/or government reports or notes, United States v. Koskerides, 877 F.2d 1129, 1133 (2d Cir. 1989); United States v. Harris, 543 F.2d 1247 (9th Cir. 1976); United States v. Harrison, 524 F.2d 421, 431-432 (D.C. Cir. 1975) of:

(a) any written or recorded statements, including audio or video recordings, made by the defendant to any person, including persons who are not government agents, that are within the possession, custody or control of the government, United States v. Scafe, 822 F.2d 928 (10th Cir. 1987); United States v. Caldwell, 543 F.2d 1333, 1352-1353 (D.C. Cir. 1974), cert. denied, 423 U.S. 1087 (1976); United States v. Bryant, 439 F.2d 642 (D.C. 1971), aff'd, 448 F.2d 1182 (D.C.

1971). In particular, Mr. Perez Mascurro requests a copy of any audio-taped recording of the alleged deportation hearing;

(b) the substance of any oral statement made by the defendant whether before or after arrest to any attorney for the government or to a person known by the defendant to be a government agent or law enforcement officer, including probation, parole or state police officers, see United States v. Mitchell, 613 F.2d 779, 781 (10th Cir.), cert. denied, 445 U.S. 919 (1980), which the government intends to offer in evidence at the trial or which are of any relevance to this prosecution;

(c) the substance of any oral statement made to any person which goes to any element of the offense, United States v. Ible, 630 F.2d 389, 395-397 (5th Cir. 1980); and

(d) the substance of any statements made by the defendant in response to Miranda type warnings, United States v. McElroy, 697 F.2d 459, 465-466 (2d Cir. 1982).

2. The defendant further requests that the government be ordered to render all relevant aid which is reasonably available to ascertain the precise substance of any defendant's statements.

**DEFENDANT'S PRIOR CRIMINAL RECORD - Fed. R. Crim. P. 16(a)(1)(B)**

3. A full record of the defendant's prior criminal record, if any, including the disposition of cases.

**DOCUMENTS AND TANGIBLE OBJECTS - Fed. R. Crim. P. 16(a)(1)(C)**

4. Mr. Perez Mascurro requests a legible copy of all items detailed as discoverable under Fed. R. Crim. P. 16(a)(1)(C), from whatever source these may have derived. Specifically, a copy of and/or description of an item or document seized from the person or property of Mr. Perez Mascurro must be provided, as must a copy of any item or document which the government will introduce at trial or at a hearing upon any motion filed in this case. Should any item covered by this request not be copied and provided, Mr. Perez Mascurro requests notice thereof to his counsel, so that an inspection of said item may be arranged.

**IMMIGRATION FILE**

5. The charges against Mr. Perez Mascurro allege a violation of the immigration statutes of the United States. Ordinarily, the Immigration and Naturalization Service maintains a file, known as an "A-file" as to all such persons so charged. Since virtually all documents relevant to the prosecution and defense of such cases are contained in this "A-file," Mr. Perez Mascurro requests that the Court order inspection and production of those records in the A-file which pertain to or concern Mr. Perez Mascurro's immigration status.

**AUDIO TAPE RECORDING OF REMOVAL HEARING**

As Mr. Perez Mascurro intends to collaterally challenge his order of deportation on the grounds that it was fundamentally unfair, he requires a copy of the audio recording of the removal/deportation hearing. United States v. Gonzalez-Sandoval, 894 F.2d 1043, 1051-52 (9th Cir. 1990).

**INFORMANTS**

6. Mr. Perez Mascurro hereby requests notice of the existence and identity of any informant in this case who was a percipient witness to or participated in the alleged offense. Roviaro v. United States, 353 U.S. 53 (1957); United States v. De Los Santo, 810 F.2d 1326 (5th Cir.), cert. denied, 484 U.S. 978 (1987).

7. With regard to request number 6, the defendant asks that the Court order the government to: (1) provide the defendant with information to locate or contact any informant, (2) produce any informant at a time and place ordered by the Court for an interview with defense counsel, United States v. Williams, 496 F.2d 378, 382 (1st Cir. 1974); Velarde-Villarreal v. United States, 354 F.2d 9 (9th Cir. 1965); and (3) produce any informant at trial at the defendant's request, United States v. Tornabene, 687 F.2d 312, 315-316 (9th Cir. 1982). The defendant also requests that the Court order the government to produce: (1) the prior criminal record of any informant, United States v. Auten, 632 F.2d 478 (5th Cir. 1980); United States v. Alvarez-Lopez, 559 F.2d 1155 (9th Cir. 1977); (2) any promises of immunity or consideration

made to any informant, <u>Giglio v. United States</u>, 405 U.S. 150 (1972); <u>United States v. Mayer</u>, 556 F.2d 245 (5th Cir. 1977); (3) the identification of any informant's prior testimony, <u>Johnson v. Brewer</u>, 521 F.2d 556, 562-564 (8th Cir. 1975); (4) any evidence of psychiatric treatment of any informant, <u>United States v. Lindstrom</u>, 698 F.2d 1154 (11th Cir. 1983); <u>United States v. Partin</u>, 493 F.2d 750, 762-64 (5th Cir. 1974), <u>cert. denied</u>, 434 U.S. 903 (1977); and (5) any evidence of narcotic habits of any informant, <u>United States v. Fowler</u>, 465 F.2d 664 (D.C. Cir. 1972).

**GOVERNMENT COMMUNICATIONS TO DEFENDANT**

8.  Disclosure of whether any government agent, informer or anyone else acting at the direction of the government has communicated with the defendant since the commencement of adversarial proceedings against the defendant, the identification of such individuals and the details surrounding the circumstances of such communications as well as the statements made by both the defendant and the government agent.  <u>See generally</u> <u>Maine v. Moulton</u>, 474 U.S. 159 (1985); <u>United States v. Henry</u>, 447 U.S. 264 (1980).

**WITNESS STATEMENTS**

9.  Any witness statements at least twenty-four hours before the witness testifies at trial or at any sentencing hearing, <u>see</u> <u>United States v. Rosa</u>, 891 F.2d 1074 (3d Cir. 1989), to enable the defendant to conduct an adequate cross-examination of the witness.  This request includes, but is not limited to:  prior testimony such as grand jury testimony, prior written statements, any witness' reports or notes, any reports of prior oral statements and any prosecutor's notes concerning witness statements which have been or may be adopted, approved or verified by the witness.  <u>Goldberg v. United States</u>, 425 U.S. 94 (1976), <u>cert. denied</u>, 440 U.S. 973 (1979).

10.  The defendant also requests that the Court order the government to produce all exculpatory witness statements as well as negative exculpatory witness statements, <u>Jones v. Jago</u>, 575 F.2d 1164, 1168 (6th Cir.), <u>cert. denied</u>, 439 U.S. 883 (1978) (statements of informed witnesses which do not mention the defendant).  The defendant further requests the Court to order the government to produce any evidence concerning narcotics habits or psychiatric

treatment of its witnesses.  The defendant asks that the Court order an inspection of the personnel file of any testifying government witness for impeachment material, and that any such information be produced in advance of the witness' testimony.  United States v. Cadet, 727 F.2d 1453, 1467-1468 (9th Cir. 1984); United States v. Gross, 603 F.2d 757, 759 (9th Cir. 1979); United States v. Garrett, 542 F.2d 23, 26-27 (6th Cir. 1976); United States v. Austin, 492 F. Supp. 502, 505-06 (N.D. Ill. 1980).

**STATEMENTS OF INDIVIDUALS WHO WILL NOT BE WITNESSES**

11.  Any statements, whether written, oral, or video or audio recorded, of percipient witnesses or individuals who may have information relevant to the case who the government does not intend to call as a witness at the trial.  See generally United States v. Thevis, 84 F.R.D. 47 (N.D. Ga. 1979).

**ELECTRONIC SURVEILLANCE**

12.  Any electronic surveillance logs and transcripts concerning the defendant and/or any witness.  United States v. Brodie, 871 F.2d 125, 128 (D.C. Cir. 1989); United States v. Taylor, 707 F. Supp. 696, 702 (S.D.N.Y. 1989); United States v. Konefal, 566 F. Supp. 698, 707 (N.D.N.Y. 1983).  This request would include documents such as Federal Bureau of Investigation "airtels" or interoffice memoranda relating to any monitored conversations. United States v. Alderisio, 424 F.2d 20 (10th Cir. 1970).

**EXPERT WITNESSES - Fed. R. Crim. P. 16(a)(1)(E)**

13.     Mr. Perez Mascurro requests disclosure of the identity of any expert witnesses whom the United States intends to use.  Pursuant to Fed. R. Crim. P. 16(a)(1)(E), a written summary of the opinions and the bases therefore, as well as the witness' qualifications, is requested.

**RESIDUAL REQUEST**

14.   Mr. Perez Mascurro intends, by way of the above requests, to invoke each and all his rights to discovery under the United States Constitution, the Federal Rules of Criminal Procedure and Evidence, case law, and any and all applicable statutes.

## III.

## LEAVE TO FILE FURTHER MOTIONS

Mr. Perez Mascurro requests leave of the court to file further motions, based on additional discovery received from the government.

## IV.

## CONCLUSION

All of the above items requested are within the exclusive control of the federal government, or other agencies acting in conjunction with the federal government, and since the defendant and defense counsel have no executive power, the materials requested herein are unavailable to the defendant.

Dated: 9/4/08                                               Respectfully submitted,

                                                            s/ Inge Brauer
                                                            Inge Brauer
                                                            Attorney for Defendant
                                                            **TEODORO PEREZ MASCURRO**

**PROOF OF SERVICE**

Case Name:     USA v. PEREZ MASCURRO

Case No.:      08CR2530-JLS

1. I am employed in the County of San Diego, State of California and over the age of eighteen years. I am not a party to the within action. My address is 2240 "F" Street, San Diego, California 92102.

2. I served: NOTICE OF MOTION AND MOTION TO COMPEL DISCOVERY AND LEAVE TO FILE FURTHER MOTIONS

by electronic filing to:

Joseph S. Smith, Jr.
Assistant U.S. Attorney
Federal Office Building
880 Front Street, Room 6293
San Diego, CA 92101-8893
Efile.dkt.gc2@usdoj.gov

   I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

   Executed this 4th day of September, 2008, at San Diego, California.

                                    s/Inge Brauer
                                    Signature